08-1434-pr
Holmes v. Haugen

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand nine.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,[1]
> *Circuit Judges*.

_____

David Holmes,

> *Plaintiff-Appellant,*

> v.                                                                08-1434-pr

Haugen, Correctional Officer, Eastern Correctional Facility, True, Correctional Officer, Eastern Correctional Facility

> *Defendants-Appellees,*

---

[1] The Honorable Robert A. Katzman, who was originally assigned to the panel for this appeal, recused himself and did not participate. The appeal was decided by the panel's remaining two judges pursuant to this Court's Local Rule § 0.14(b).

John Doe III, Correctional Officer, Eastern Correctional Facility, Brown, Superintendent, Eastern Correctional Facility, Healy, Dep., Eastern Correctional Facility, Lt. Simmons, Eastern Correctional Facility
*Defendants*.

FOR PLAINTIFF-APPELLANT: David Holmes, *pro se*, Napanoch, New York.

FOR DEFENDANTS-APPELLEES: Rajit S. Dosanjh, Assistant Solicitor General, Andrea Oser, Deputy Assistant Solicitor General, *for* Andrew Cuomo, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

In this action under 42 U.S.C. § 1983, plaintiff-appellant David Holmes ("plaintiff" or "Holmes"), an inmate at the Eastern Correctional Facility, appeals from the district court's grant of summary judgment to the defendants-appellees. Specifically, Holmes alleges that defendants-appellees, who are correctional officers at the prison, violated his constitutional rights under the First and Fourteenth Amendments by retaliating against him and by singling him out for unfavorable treatment. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

We review the grant of summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we

2

resolve any ambiguities and draw all permissible factual inferences in favor of the non-movant. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Despite this deference, a non-movant cannot defeat a motion for summary judgment merely through conclusory statements or allegations. *See Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

In order to state a claim for retaliation, a plaintiff must prove that (1) he was "engaged in constitutionally protected conduct," and (2) the conduct was "a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). The privilege of qualified immunity, however, generally shields government officials from liability for damages on account of their performance of discretionary official functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 531 (2d Cir. 1993). In *Rodriguez v. Phillips*, we held that confronting a correctional officer about his interpretation of an institutional policy was not a clearly established First Amendment right. *See* 66 F.3d 470, 478-79 (2d Cir. 1995). Here, even if it could be said that the correctional officers retaliated against Holmes, the discipline at issue arose out of Holmes's decision to question the correctional officers's interpretation of a prison policy. Accordingly, the defendants-appellees are entitled to qualified immunity on this claim. *See Kelsey v. County of Schoharie*, 567 F.3d 54, 61 (2d Cir. 2009).

While the Equal Protection Clause is most commonly used to bring claims alleging discrimination based on membership in a protected class, a plaintiff can proceed as a "class-of-one" by establishing that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of*

3

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curium).  Because Holmes has neither alleged, nor provided a basis for a jury to infer, that correctional officer Haugen knew that other inmates were going to the law library, the defendants-appellees are entitled to summary judgment on Holmes's equal protection claim.  *See Giordano v. City of New York*, 274 F.3d 740, 751 (2d Cir. 2001) (holding that the district court properly granted summary judgment in favor of the defendants on the plaintiff's class-of-one equal protection claim because there was no evidence in the record that the defendants knew that they were treating the plaintiff differently from anyone else).

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____